**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
IN RE: CHAPTER 11
SUBCHAPTER V

JLS MECHANICAL, LLC,

CASE NO. 26-

DEBTOR
-------------------------------------------------------X

**DECLARATION OF JASON L. SCHARKOPF**
**FOR CHAPTER 11 DEBTOR PURSUANT TO LR 1007-2**

**I, JASON L. SCHARKOPF**, make this declaration pursuant to 28 U.S.C. § 1746:

I Jason L. Scharkopf (the "Debtor's Principal") own a forty-nine percent (49.00%) membership interest in, and am the manager, and operator of the debtor and debtor-in-possession JLS Mechanical, LLC (the "Debtor") herein. I am personally familiar with all the matters set forth below.

**Local Rule 1007-2(a)(1)**: **Circumstances Leading to Debtor's Chapter 11 Filing**

1. The Debtor is a New York Corporation organized under the laws of the State of New York on or about June 12, 2019. The Debtor is a full-service HVAC contractor headquartered in White Plains, NY. JLS Provides comprehensive services include installations, repairs, and maintenance for both residential and light commercial buildings. Despite the Debtor's increased sales from the previous years, the Debtor still struggled to increase its cash flow due to increases in the cost of materials and supplies, labor, and fuel prices. As a result, the Debtor entered into merchant cash advances agreements for financing. The interest rates charged in the merchant cash advance agreements are extremely high; therefore, the Debtor filed this bankruptcy to successfully reorganize its debts and emerge as a HVAC company.

**Local Rule 1007-2(a)(2)**:

2. This case was not originally commenced under chapter 7 or chapter 13.

**Local Rule 1007-2(a)(3)**:

3. No creditors' committee was organized prior to the date of the entry of the order of relief in this case.

**Local Rule 1007-2(a)(4)**:

4. A list of the names, addresses, and claims information of the Debtor's 20 largest unsecured creditors, excluding insiders, was filed with the Debtor's voluntary petition on Official Form 204 and Schedule F.

**Local Rule 1007-2(a)(5)**:

5. The Debtor's secured creditors are listed on Schedule D of the Debtor's voluntary petition.

**Local Rule 1007-2(a)(6)**

6. A Summary of the Debtor's Assets and Liabilities is set forth in Official Form 206 Sum filed with the Debtor's petition.

**Local Rule 1007-2(a)(7)**

7. No securities of the Debtor are publicly held.

**Local Rule 1007-2(a)(8)**

8. The Debtor's property is **NOT** in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent.

**Local Rule 1007-(2)(a)(9)**

9. The Debtor operates its business at 28 Edgewold Rd., White Plains, NY 10607; however, the Debtor stores its tools, and equipment, and supplies at 75 North Kensico Ave., Valhalla, NY 10595.

**Local Rule 1007-(2)(a)(10)**

10. The Debtor's books and records are in the possession of the Debtor's Principal at the Debtor's office located at 28 Edgewold Rd., White Plains, NY 10607. The Debtor does not have assets outside of the Territorial United States.

**Local Rule 1007-2(a)(11)**

11. The following lawsuits are pending against the Debtor:

I. *DMKA LLC v. JLS Mechanical, LLC and Jennifer L. Smith,* Index No. 539573/2026, Supreme Court State of New York, County of Kings
II. *Meged Funding Group Corp. v. JLS Mechanical, LLC and Jason L. Scharkopf*, Index No. 541574/2026, Supreme Court State of New York, County of Kings
III. *Stark Tech Services, LLC v. JLS Mechanical, LLC*, Index No. 818024/2026, Supreme Court State of New York, County of Erie

**Local Rule 1007-2(a)(12)**

12. The Debtor's members are Jason L. Scharkopf (49.00%) and his wife and Naomi Scharkopf (51.00%). I manage and operate the Debtor.

**Local Rule 1007-2(b)(1)**

13. The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, and partners) is approximately $7,216.00 which results in approximately $30,310.00 for the thirty (30) day period following the filing of the chapter 11 petition is likely to be consistent with the amounts paid pre-petition.

**Local Rule 1007-2(b)(2)**

14. The estimated amount to be paid to the Debtor's Principal for services for the thirty (30) day period following the filing of the chapter 11 petition will likely be consistent with those amounts paid pre-petition and could be in the range of $12,600.00 per month.

**Local Rule 1007-2(b)(3)**

15. The Debtor anticipates operating at a profit for the thirty (30) day period following the filing of the chapter 11 petition.

The Debtor reserves the right to amend this declaration at any time, after the initial filing date.

Pursuant to 28 U.S.C.§ 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: White Plains, NY
11/4/2026

DocuSigned by:
JASON L SCHARKOPF
DDA336B59012473...
Jason L. Scharkopf, Managing Member
JLS Mechanical, LLC
*Debtor and/or debtor-in-possession*