James J. Rufo, Esq.
The Law Office of James J. Rufo
*Proposed Attorney for Debtor*
222 Bloomingdale Road, Suite 202
White Plains, NY 10605
(914) 600-7161
jrufo@jamesrufolaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

IN RE:

JLS MECHANICAL, LLC,

DEBTOR

---------------------------------------------------------X

CHAPTER 11
SUBCHAPTER V

CASE NO. 26-23110 (KYP)

**DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING PAYMENT OF (I) PRE-PETITION EMPLOYEE WAGES, SALARIES, BENEFITS, AND REIMBURSABLE EMPLOYEE EXPENSES, AND TAXES; AND (II) TO CONTINUE EMPLOYEE BENEFITS PROGRAM AND ORDINARY COURSE PRACTICES**

**TO: THE HONORABLE KYU Y. PAEK**
**UNITED STATES BANKRUPTCY JUDGE:**

JLS Mechanical, LLC the chapter 11 debtor and debtor-in-possession herein (the "Debtor"), by and through its proposed attorney James J. Rufo, Esq. of The Law Office of James J. Rufo, as and for its motion ("Motion"), for entry of an Order pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Rule 6003 of the Federal Bankruptcy Rules authorizing payment of (I) Prepetition Employee Wages, Salaries, Benefits, and Reimbursable Employee Expenses, and Taxes; (II) to Continue Employee Benefits Program and Ordinary Practices. In support of this Motion, the Debtor relies on the Declaration of Jason L. Scharkopf (the "Debtor's Principal") pursuant to LR 1007-2 of the Local Bankruptcy Rules of the Southern District of New York (the "Scharkopf Declaration") and in Support of its Chapter 11 Petition and First Day Motion and respectfully states as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a), 361, 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. GENERAL BACKGROUND

3. On November 3, 2026 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under Chapter 11 of Title 11, Subchapter V of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Information regarding the Debtor's business, capital structure and the circumstances leading to the commencement of this chapter 11 case is set forth in the Scharkopf Declaration pursuant to LR 1007-2 of the Local Bankruptcy Rules of the Southern District of New York.

### A. DEBTOR'S WORKFORCE

5. The Debtor is a New York Corporation organized under the laws of the State of New York on or about June 12, 2019. The Debtor is a full-service HVAC contractor headquartered in White Plains, NY. JLS Provides comprehensive services include installations, repairs, and maintenance for both residential and light commercial buildings. Despite the Debtor's increased sales from the previous years, the Debtor still struggled to increase its cash

flow due to increases in the cost of materials and supplies, labor, and fuel prices. As a result, the Debtor entered into merchant cash advances agreements for financing. The interest rates charged in the merchant cash advance agreements are extremely high; therefore, the Debtor filed this bankruptcy to successfully reorganize its debts and emerge as a HVAC company. The Debtor's Principal manages and maintains the Debtor's daily business operations.

6. The Debtor maintains a garage-like storage space at 75 North Kensico Ave, Valhalla, NY 10595 whereat the Debtor stores its three (3) cargo vans, tools, and HVAC equipment.

7. The Debtor's staff varies from three (3) and four (4) employees, including the Debtor's Principal that are responsible for installation, maintenance, repairs, and other related HVAC services to its customers in the Westchester County and surrounding areas (collectively referred to herein as the "Employees).

### B. DEBTOR'S EMPLOYEE COMPENSATION OBLIGATIONS

8. In the ordinary course of business, the Debtor issues weekly payroll to Employees. The weekly pay period runs from Monday through the following the Sunday start date, inclusively. Employees are paid on Friday for the preceding week inclusive of the start date. Because the Petition Date falls within the current payroll period, the Debtor's Employees are owed monies by the Debtor on account of pre-petition services rendered.

9. The Debtor did not make any payments to its Employees immediately prior to the Petition Date on account of wages earned during the period from October 26, 2026 through November 1, 2026, with the paid date being November 6, 2026; and wages earned from November 2, 2026 to November 4, 2026, with the pay date being November 13, 2026. Consequently, the Debtor is seeking authority to pay all compensation earned but not paid during

the period of October 26, 2026 through Petition Date with the pay dates being November 6, 2026 and November 13, 2026. (Annexed hereto as **Exhibit "A"** is a copy of the payroll report for the period of October 26, 2026, through November 1, 2026.)

10. The Debtor believes the total amount of gross unpaid wages, inclusive of employee benefits and payroll taxes for the period of October 26, 2026, through November 1,2026 is approximately $7,216.00, all of which is outstanding as of the Petition Date (the "Prepetition Wages"). The Debtor believes that the total amount of gross unpaid wages, inclusive of employee benefits and payroll taxes for the period of November 2, 2026, through November 4, 2026 is approximately $2,886.40. Therefore, the Debtor is seeking approval to pay Prepetition Wages in an estimated amount not exceeding $7,216.00 for the period of October 26, 2026, through November 1, 2026; and approximately $2,886.40 for the period of November 2, 2026 through November 4, 2026 which will be included in the payroll for the period of November 2, 2026 through November 8, 2026 and paid on November 13, 2026 for a total sum of approximately $10,102.40.

11. None of the amounts to be paid to any single employee for the period noted above will exceed the $17,150.00 priority cap in section 507(a)(4) of the Bankruptcy Code.

### C. Gross Payroll Deductions, Taxes and Governmental Withholdings

12. Upon the culmination of each payroll cycle, certain amounts are deducted from each of the Employees' paychecks to account for (i) federal, state and local tax withholdings laws and (ii) pre-and after-tax deductions pursuant to employee benefit plans (described below under "Employee Benefits").

13. The Debtor is required by law to withhold from the Employees' wages amounts related to federal and state taxes, social security and Medicare taxes (collectively, the "Trust

Fund Taxes"), and to remit the Trust Fund Taxes to the appropriate taxing authorities (collectively, the "Taxing Authorities").

14. Additionally, the Debtor is obligated to match from its own funds the social security and Medicare taxes and to remit to the Taxing Authorities, based on a percentage of gross payroll, additional amounts for state and federal unemployment insurance (collectively, the "Employer Payroll Taxes" and, together with the Trust Fund Taxes, the "Payroll Taxes"). The Debtor believes it is current on its pre-petition Payroll Taxes obligations but for the amounts due for the period from October 26, 2026 through November 1, 2026 will be approximately $708.41, and approximately $141.68 for the period of November 2, 2026 to November 3, 2026 for a total sum of approximately $850.09 (the "Pre-Petition Payroll Taxes"), and therefore hereby seeks authority to pay Pre-Petition Payroll Taxes.

## III. RELIEF REQUESTED AND BASIS THEREOF

15. By this Motion, the Debtor requests, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, entry of an order (I) authorizing, but not requiring, the Debtor to pay, in its sole discretion, prepetition employee wages, salaries, benefits, and reimbursable employee expenses, and taxes, and to Continue Employee Benefits Program and Ordinary Practices Prepetition Wages in an estimated amount not exceeding $7,216.00 for the period of October 26, 2026 to November 1, 2026 which will be paid on November 6, 2026; and approximately $2,886.40 for the period of November 2, 2026 to November 4, 2026 which will be included in the payroll for the period of November 2, 2026 to November 8, 2026 and paid on November 13, 2026, together with any Prepetition Payroll Taxes due in connection with the operation and staffing of the Debtor's HVAC business, and (II) authorizing, but not requiring the Debtor to continue payment of employee benefits program and ordinary practices.

16. The Debtor's employees are owed monies by the Debtor on account of prepetition services rendered. By this Motion, the Debtor seeks to pay Employee Obligations owed to its employees prior to the Petition Date in the amounts set forth herein.

17. To avoid the significant risks of employees refusing to continue to work for the Debtor or discontent or loss of morale among essential employees, and in view of the priority awarded to wage claims, it is necessary and appropriate that the Debtor be granted the requested authorization.

18. The Debtor requires the continued services of its employees to ensure that the continuity and quality of its business operations will not be threatened and so that the Debtor may continue, without unnecessary interruption, its efforts to achieve a successful reorganization.

19. The Debtor submits the relief sought herein is authorized pursuant to section 363(b)(1) of the Bankruptcy Code, which provides that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate," and further justified by the Court's broad equitable powers under section 105 of the Bankruptcy Code.

20. Section 105(a) of the Bankruptcy Code empowers the bankruptcy court to "[i]ssue any order, process or judgment that is necessary or appropriate to carry out the provisions of . . ." the Bankruptcy Code. As one court observed:

> The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept. It was first articulated by the *United States Supreme Court in Miltenberger v. Logansport, C. & S.W. R. Co.*, 106 U.S. 286, 1 S. Ct. 140, 27 L. Ed. 117 (1882) and is commonly referred to as either the "doctrine of necessity" or the "necessity of payment" rule. This rule recognizes the existence of the judicial power to authorize a debtor

> in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor.

*In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. SDNY 1989). Accord *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (*quoting*, *In re Penn Central Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (the "necessity of payment" doctrine permits immediate payment of claims to creditors who will not supply services or material essential to the debtors' business until their pre-petition claims are paid)).

21. Application of the "necessity of payment" doctrine here establishes that the Debtor should be authorized to honor the Employee Obligations. See *Mich. Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279-285-86 (SDNY 1987), appeal dismissed 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits). This doctrine is consistent with the paramount goal of chapter 11 of "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176.

22. If the Debtor is not authorized to pay the Employee Obligations, its relationship with the Employees will be adversely affected and the Employees' morale, dedication, confidence, and cooperation might be compromised irreparably. The Employees' support for the Debtor's efforts during this case is critical and cannot be jeopardized. Allowing the Debtor to honor the Employee Obligations in the ordinary course will instill confidence in the Employees that the Debtor is in a position to satisfy, and intends to satisfy, its post-petition payroll and related obligations and will ensure the Debtor has a sufficient support system in which to operate and that the Debtor can successfully execute its strategy in Chapter 11 to continue operating as a going concern.

23. The amount to be paid to any Employee for the pre-petition period will not exceed the $17,150.00 cap contained in Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. In addition, payment of the Debtor's pre-petition payroll obligations will not prejudice other creditors of the Debtor's estate as the Employees are entitled to priority status under Section 507(a)(4) and 507(a)(5) of the Bankruptcy Code with respect to such obligations and payment in full pursuant to a Chapter 11 plan. See 11 U.S.C. § 1129(a)(9)(B).

24. With respect to the Pre-Petition Payroll Taxes, the payment of such taxes also will not prejudice the Debtor's other creditors as the relevant Taxing Authorities generally would hold priority claims under Section 507(a)(8) of the Bankruptcy Code with respect to such obligations and are entitled to payment in full pursuant to a Chapter 11 plan. See 11 U.S.C. § 1129(a)(9)(C). Moreover, the portion of the Pre-Petition Payroll Taxes withheld from the Employees' wages on behalf of the applicable Taxing Authority (as well as the other deductions) are held in trust by the Debtor. As such, that portion of the Pre-Petition Payroll Taxes (as well as the other deductions) is not property of the Debtor's estate under Section 541 of the Bankruptcy Code. See, e.g., *Begier v. IRS*, 496 U.S. 53 (1990).

25. In other chapter 11 case, courts in this District have approved of payment of prepetition claims for compensation and expense reimbursements similar to those described herein. See, e.g., *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Bankr. SDNY April 10, 2015); *In re The Great Atlantic & Pacific Tea Company, Inc.*, Case No. 10-24549 (RDD) (Bankr. SDNY Jan. 13, 2011); *In re Uno Restaurant Holdings Corp.*, Case No. 10-10209 (MG) (Bankr. SDNY Feb. 17, 2010); *In re Finlay Enterprises, Inc.*, Case No. 09-14873 (JMP) (Bankr. SDNY Sept. 3, 2009); *In re General Motors Corp*., Case No. 09-50026 (REG) (Bankr. SDNY June 1, 2009); *In re U.S. Shipping Partners L.P.*, Case No. 09-12711 (RDD) (Bankr. SDNY.

Apr. 30, 2009); *In re General Growth Properties, Inc.*, Case No. 09-11977 (ALG) (Bankr. SDNY May 11, 2009); *In re Bearing Point, Inc.*, Case No. 09-10691 (REG) (Bankr. SDNY March 13, 2009); *In re Tronox Inc*., Case No. 09-10156 (ALG) (Bankr. SDNY Feb. 6, 2009); *In re Lyondell Chemical Co*., Case No. 09-10023 (REG) (Bankr. SDNY Jan. 26, 2009); *In re Lenox Sales, Inc.*, Case No. 08-14679 (ALG) (Bankr. SDNY Nov. 25, 2008); *In re Steve & Barry's Manhattan LLC*, Case No. 08-12579 (ALG) (Bankr. SDNY July 10, 2008); *In re Lexington Precision*, Case No. 08-11153 (MG) (Bankr. SDNY April 2, 2008); *In re PRC, LLC*, Case No. 08-10239 (MG) (Bankr. SDNY Jan. 24, 2008); *In re Silicon Graphics, Inc*., Case No. 06-10977 (BRL) (Bankr. SDNY May 10, 2006).

26. Accordingly, by this Motion, the Debtor seeks authority pursuant to sections 105(a) and 363(b) of the Bankruptcy Code to pay Employee Obligations as they become due and owing during the pendency of this case and to continue, uninterrupted, its practices, programs and policies with respect to its employees, as such practices, programs, and policies were in effect as of the Petition Date.

## IV. NOTICE

27. No Trustee or examiner has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Subchapter V Trustee; and (c) creditors holding the 20 largest unsecured claims against the Debtor's estate. The Debtor submits that no other or further notice need be provided.

**WHEREFORE**, the Debtor respectfully requests that the Court: (i) enter the Order, granting the relief requested herein; and (ii) grant any such other and further relief to the Debtor as the Court may deem just and proper.

Dated: White Plains, NY
November 4, 2026

Respectfully submitted,

By: *James J. Rufo*
James J. Rufo, Esq.
The Law Office of James J. Rufo
*Proposed Attorney for Debtor*
222 Bloomingdale Road, Suite 202
White Plains, NY 10605
(914) 600-7161
jrufo@jamesrufolaw.com