James J. Rufo, Esq.
The Law Office of James J. Rufo
*Proposed Attorney for Debtor*
222 Bloomingdale Road, Suite 202
White Plains, NY 10605
(914) 600-7161
jrufo@jamesrufolaw.com

**DATE OF HEARING: DECEMBER 9, 2026**
**TIME OF HEARING: 10:00 A.M.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

IN RE:

JLS MECHANICAL, LLC,

DEBTOR

---------------------------------------------------------X

CHAPTER 11
SUBCHAPTER V

CASE NO. 26-23110 (SHL)

**THE DEBTOR'S SUBCHAPTER V PRE-STATUS CONFERENCE REPORT UNDER 11 U.S.C. §1188(c)**

James J. Rufo, Esq. of The Law Office of James J. Rufo proposed attorney for the debtor and debtor-in-possession JLS Mechanical, LLC (the "Debtor") submits this report under 11 U.S.C. §1188(c), respectfully sets forth and alleges as follows:

## I. THE DEBTOR'S BANKRUPTCY BACKGROUND

1. On November 4, 2026 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor elected to be treated as a Small Business under Sub-Chapter V. On November 5, 2026, Nat Wasserstein was duly appointed to serve as the Sub Chapter V Trustee (the "Sub Chapter V Trustee").

2. The Debtor is a New York Corporation organized under the laws of the State of New York on or about June 12, 2019. The Debtor is a full-service HVAC contractor headquartered in White Plains, NY. JLS Provides comprehensive services include installations, repairs, and maintenance for both residential and light commercial buildings. Despite the

Debtor's increased sales from the previous years, the Debtor still struggled to increase its cash flow due to increases in the cost of materials and supplies, labor, and fuel prices. As a result, the Debtor entered into merchant cash advances agreements for financing. The interest rates charged in the merchant cash advance agreements are extremely high; therefore, the Debtor filed this bankruptcy to successfully reorganize its debts and emerge as a HVAC company.

## II. STATUS OF CASE

8. Since the filing, the Debtor has undertaken efforts to comply with its obligations under Chapter 11.

9. The 341 meeting of creditors is scheduled to be held on December 8, 2026.

10. The bar date application was filed and an Order setting December 23, 2026 as the last day to file claims (the "Bar Date Order") was entered on November 13, 2026 at ECF No. 19. The Bar Date Order and Notice of the Bar Date was served on the Debtor's creditors on November 21, 2026, as evidenced by the certificate of service filed on the docket at ECF No. 21.

11. A retention application for counsel has been drafted and will be filed before shortly hereafter.

12. On the Petition Date, the Debtor filed a Motion to Authorize Satisfaction of Employee Obligations, specifically the Payment of Prepetition Employee Wages and (II) authorizing, but not requiring, Payment of Post-petition Employee obligations due in the ordinary course of business (the "Wages Motion") at ECF No. 10. A hearing on the Wages Motion was held on November 6, 2026 and same was granted. On November 13, 2026, an Order Interim Order Authorizing Payment Of (I) Prepetition Employee Wages, Salaries, Benefits, And Reimbursable Employee Expenses, And Taxes; (II) To Continue Employee

Benefits Program and Ordinary Practices was entered on this Courts docket at ECF No. 20.

13. The Debtor established a "D.I.P." checking account and intends to file its fist operating report forthwith. The Debtor also established a reserve account for the Sub Chapter V trustee and other administrative fees.

14. The Debtor is providing documents requested by the US Trustee's including tax returns and insurance information.

15. The Debtor has cooperated with the UST and Sub Chapter V Trustee and intends to continue cooperation.

## III. STATUS OF A CONSENSUAL PLAN

16. This report is submitted pursuant to Section 1188 (c) of the Bankruptcy Code which requires the Debtor to report to the Court as to the status of efforts to obtain a consensual plan. It provides as follows: "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188 (c).

17. The Debtor's goal is to propose a plan predicated on the revenue generated by its business.

18. The Debtor intends to circulate a proposed plan prior to the deadline of February 2, 2027.

19. This status report may be supplemented prior to the conference as the case evolves.

Dated: White Plains, NY
November 25, 2026

Respectfully submitted,

By: *James J. Rufo*
James J. Rufo, Esq.
The Law Office of James J. Rufo
*Proposed Attorney for the Debtor JLS Mechanical, LLC*
222 Bloomingdale Rd., Suite 202
White Plains, NY 10605
(914) 600-7161
jrufo@jamesrufolaw.com